550

## WEISBAUM v. WELLER-STOLZ CO., et al.
### No. 443.

District Court, S. D. Ohio, W. D.
Nov. 14, 1938.

Allen & Allen, of Cincinnati, Ohio, for plaintiff.

Toulmin & Toulmin, of Dayton, Ohio, for defendants.

NEVIN, District Judge.

This is a suit in equity arising under the patent laws of the United States. Plaintiff filed its Bill of Complaint on March 22, 1938, claiming infringement of Claims 1 and 3 of Letters Patent No. 2,051,322, which he alleges was duly issued to plaintiff herein, Jack Weisbaum. Plaintiff prays for an injunction and an accounting.

On April 11, 1938, Defendants filed a Motion for Further and Better Particulars, filing therewith "Defendants' Exhibits Nos. 1, 2 and 3, respectively", which defendants state "are three neckties, duplicates of which are being sold by Defendants." This motion contained seven separate requests or clauses. On April 23, 1938, plaintiff responded to the foregoing motion of defendants by filing its bill in response to request or clause 7 thereof. On the same day, plaintiff filed objections to the rest of defendants' motion. Thereafter, on June 27, 1938, the court in a decision overruled all of defendants' motion for further and better particulars except as to clause 7 thereof, to which plaintiff had theretofore filed his bill of particulars. An order to this effect was entered on July 2, 1938.

Thereafter, on July 19, 1938, defendants filed their answer together with a "Counterclaim for Declaratory Judgment". The cause is now before the court on a Motion filed July 29, 1938, on behalf of plaintiff "to dismiss or strike counterclaim". Two grounds are stated by plaintiff as the basis for its motion, as follows:

"1. The alleged controversy between the parties is pending on the Bill and Answer in this cause, wherefore no cause for declaratory judgment exists.

"2. That as to exhibits inserted in the Counterclaim and not appearing in the Bill and Answer, that no controversy exists as to them between the plaintiff and the defendants to entitle the defendants to declaratory relief, that an attempt was made to insert these exhibits into this case by a Motion for Further and Better Particulars filed by the defendants, and that this motion as to these exhibits was overruled by the Court."

Counsel for the respective parties have filed briefs for and against the motion. Upon consideration thereof and the applicable law, the court is of opinion that the motion is well taken and that it should be, and it is, sustained. Meeker v. Baxter et al., 2 Cir., 83 F.2d 183, 187; Hann v. Venetian Blind Corporation et al., D.C., 15 F.Supp. 372. An order may be drawn accordingly.